UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LANCE A. CAPPEL | * | CIVIL ACTION NO. 10-1810 |
| Plaintiff | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | MAGISTRATE: 5 |
| LOUISIANA STATE DEPARTMENT OF | * | MAG. ALMA L. CHASEZ |
| TRANSPORTATION AND DEVELOPMENT | * | |
| | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The matter before the Court is a Motion for Summary Judgment filed by the Louisiana Department of Transportation and Development. (Doc. 25.)

For the following reasons, Defendant's Motion for Summary Judgment is hereby GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

In April 2009 Lance Cappel ("Cappel"), a Caucasian male, applied for both a Police Officer

-1-

1 and a Police Officer 2 position with the Louisiana Department of Transportation and Development ("DOTD") to work at the scales at an Interstate 10 weigh station near Slidell. He was forty-five years old at the time that he applied.

In May 2009 Police Captain Raymond Nash and Police Lieutenants Adam McSwain, Carlos McGlothern, Sandra Nevels and Georgia Tauzin interviewed Cappel. After the first round of interviews, Plaintiff had the highest averaged score and Evia Daniels ("Daniels") achieved the second highest averaged score. Subsequently, Police Chief Janet McCoy, Police Captain Raymond Nash and Dayna Mayeux performed second interviews with the two top applicants - Cappel and Daniels. Daniels, a twenty-three year old African-American female, was ultimately hired for the position.

On June 24, 2010, Cappel filed a Complaint against DOTD alleging that he was discriminated against based on race, sex and age. (Doc. 1.) On June 19, 2012 DOTD filed a Motion for Summary Judgment. (Doc. 25.) Cappel opposed the Summary Judgment on June 27, 2012. (Doc. 27.) DOTD filed its Reply brief on July 3, 2012. (Doc. 34.)

**LEGAL STANDARD**

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed.R.Civ.P. 56(c) (2012).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-movant's burden, however is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "[f]ails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**LAW AND ANALYSIS**

Defendant's Motion for Summary Judgment presents two issues to the Court. The first issue is whether or not the Eleventh Amendment bars Cappel's Age Discrimination in Employment Act ("ADEA") claim. The second issue presented is whether there is a material issue of fact as to whether illegal discrimination occurred.

*I. Eleventh Amendment*

Cappel asserts an ADEA claim against Louisiana Department of Transportation and

Development. The Court finds, however, that it lacks subject matter jurisdiction over this claim.

"The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts." *Cozzo v. Tangipahoa Parish Council-President Gov't.*, 279 F.3d 273, 280 (5th Cir. 2002) (citing *Williams v. Dallas Area Trapid Transit*, 242 F.3d 325, 318 (5th Cir. 2001). Unless the state has waived its immunity, the Eleventh Amendment bars suit against its state agencies. *Id.* at 280-281. Louisiana has refused waiver of its Eleventh Amendment sovereign immunity. *See* La. Rev. Stat. Ann. §13:5106(A) (West 2012). While Congress attempted to abrogate states' sovereign immunity with the ADEA, the Supreme Court in *Kimel* held that "[t]he ADEA does not validly abrogate the States' sovereign immunity." *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 537 (2002); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000)).

The Fifth Circuit has repeatedly held that the DOTD, as an arm of the state, may exercise sovereign immunity from suit by private citizens in federal court. *Tillman v. CSX Transp.*, 929 F.2d 1023, 1024 n.1 (5th Cir. 1991) (citing *Fireman's Fund Ins. Co. v. Department of Transp.*, 792 F.2d 1373 (5th Cir.1986); *Freimanis v. Sea-Land Serv., Inc.*, 654 F.2d 1155 (5th Cir.1981)). Accordingly, any claims against DOTD for monetary damages under the ADEA must be dismissed.

*II. Illegal Discrimination*

Defendant argues that no genuine issue of material fact exists as to whether it had a legitimate, non-discriminatory reason for not hiring Plaintiff. Specifically, Defendant cites that the interviewers stated that Cappel was evasive in answering questions concerning his past which led

-4-

them dispute his integrity and truthfulness. Defendant also notes that Plaintiff mischaracterized his prior police experience. Thus, Evia Daniels was hired for the position after a second interview.

Plaintiff asserts that the direct supervisor, Lieutenant Adam McSwain, wished to hire Cappel, however Captain Raymond Nash, an African American, wanted to hire Daniels instead. Thus, despite a custom of hiring the top scoring individual after an initial interview, a second round of interviews was created for the two highest scorers - Daniels and Cappel. Although Captain Nash participated in the second round of interviews, McSwain did not. Cappel also notes that while he had prior experience in police work, Daniels was a recent college graduate whose only experience was eight months in retail. Cappel concludes that these actions are sufficient to support the allegations that he was discriminated against because of his age, race and gender.

While this Court does acknowledge that "discrimination laws are not vehicles for judicial second-guessing of business decisions," *Deines v. Tex. Dept. of Protective Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999) (citing *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 372 (5th Cir. 1997) (internal quotations omitted), the Court finds that there is a genuine issue of fact as to whether Cappel was discriminated against. Ultimately, where the Defendant's intent is at issue, it is inappropriate "[t]o grant summary judgment because the party's state of mind is inherently a question of fact which turns on credibility." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265 (5th Cir. 1991). Credibility determinations are "within the province of the fact-finder." *Id.* Thus, it is improper to grant Defendant's summary judgment at this time.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by the Louisiana Department of Transportation and Development (Doc. 25) is hereby GRANTED IN PART and DENIED IN PART.

New Orleans, Louisiana on this 20th day of July, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**